UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID B. WELCH and CHRISTIE L. WELCH, <br><br>                    Plaintiffs, <br><br>    v. <br><br> SELENE FINANCE LP, et al., <br><br>                    Defendants. | CASE NO. 20-cv-5753-RJB <br><br> ORDER GRANTING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER |

THIS MATTER comes before the Court on Plaintiffs' Notice of Ex Parte Motion and Ex Parte Motion for Temporary Restraining Order and OSC for Preliminary Injunction ("Motion for Temporary Restraining Order"). Dkt. 2. The Court has considered the pleadings filed regarding the motion and the remaining file. For the reasons set forth below, Plaintiffs' Motion for Temporary Restraining Order should be granted.

Fed. R. Civ. P. 65(b)(1) provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the

ORDER GRANTING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER - 1

> adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Here, Plaintiffs' Motion for Temporary Restraining Order provides specific facts showing that irreparable damage to Plaintiffs will result before the defendants can be heard in opposition, including further transfer of the Subject Property[1] and eviction from their home. *See* Dkt. 2 and attachments. Plaintiffs also certify, via declaration of Plaintiffs' counsel, the efforts at giving notice to defendants, which included faxing notice to defendants and arranging for personal service upon defendants of the summons, complaint, instant motion, and declarations (proof of service to follow). Dkt. 2-2.

The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate the four *Winter* factors (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

As an alternative to this test, a preliminary injunction is appropriate if "serious questions going to the merits were raised and the balance of the hardships tips sharply" in the moving party's favor, thereby allowing preservation of the status quo when complex legal questions

---

[1] The Subject Property is the property located at 1163 Daniels Avenue, Bremerton, Kitsap County, Washington. *E.g.,* Dkt. 2-1, at 2.

ORDER GRANTING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER - 2

require further inspection or deliberation. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). However, the "serious questions" approach supports a court's entry of a TRO only so long as the moving party also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id.* at 1135. The moving party bears the burden of persuasion and must make a clear showing that he is entitled to such relief. *Winter*, 555 U.S. at 22.

Plaintiffs' Motion for Temporary Restraining Order and its attachments have sufficiently shown the four *Winter* factors required to obtain a TRO. *See* Dkt. 2. First, Plaintiffs have shown a likelihood to succeed on the merits of their claims. Second, Plaintiffs have shown that they are likely to suffer irreparable harm in the absence of preliminary relief. Third, Plaintiffs have shown that the balance of equities tip in their favor. Finally, Plaintiffs have shown that an injunction serves the public interest. Therefore, as detailed in the order below, the Court should grant Plaintiffs' Motion for Temporary Restraining Order (Dkt. 2).

Fed. R. Civ. P. 65(b)(2) provides that:

> Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension.

Fed. R. Civ. P. 65(b)(2) further provides that:

> 3) *Expediting the Preliminary-Injunction Hearing.* If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.

ORDER GRANTING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER - 3

> (4) *Motion to Dissolve.* On 2 days' notice to the party who obtained the order without notice—or on shorter notice set by the court—the adverse party may appear and move to dissolve or modify the order. The court must then hear and decide the motion as promptly as justice requires.

Fed. R. Civ. P. 65(c) provides as follows:

> (c) SECURITY. The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

Courts "recognize[] that Rule 65(c) invests the district court with discretion as to the amount of security required, if any." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (citations and quotations omitted). "The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen*, 320 F.3d at 919 (citing *Barahona–Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999))

This temporary restraining order should be issued without notice because the harm of recording the deed, further transferring the Subject Property, and eviction is irreparable (see Dkt. 2-2, at 2, ¶¶ 4–5) and, despite Plaintiffs' documented efforts at providing notice of the instant motion (see Dkt. 2-2, at 3, ¶¶ 8–11), defendants have not appeared in this case.

The matter of whether to enter a preliminary injunction should be set for a hearing at the earliest possible time, as set forth in the order below. Additionally, Plaintiffs should post a security bond to pay damages, if any, sustained by a party found to have been wrongfully enjoined. Because it appears that the defendants' interests may be substantially secured by the

Subject Property, a modest bond should suffice. Therefore, Plaintiffs should post a security bond of $1,000.00.

**THEREFORE,** it is **HEREBY ORDERED** that**:**

- Plaintiffs' Motion for Temporary Restraining Order (Dkt. 2) is **GRANTED**. Defendants are **ORDERED** to immediately stop conducting foreclosure activities related to the Subject Property, located at 1163 Daniels Avenue, Bremerton, Kitsap County, Washington;

- This order is being entered on July 29, 2020, at 10:00 a.m. The temporary restraining order is being issued without notice because the harm of recording the deed, further transferring the Subject Property, and eviction is irreparable and, despite Plaintiffs' documented efforts at providing notice of the instant motion, defendants have not appeared in this case;

- The temporary restraining order shall expire on **August 10, 2020.** No later than **August 5, 2020,** defendants may show cause in writing, if any they have, why this order should not be converted to a preliminary injunction. Defendants may file a response no later than **August 7, 2020**;

- A telephonic hearing regarding entering a preliminary injunction in this matter is set for **August 10, 2020, at 10:00 am** before Judge Robert J. Bryan. The parties are directed to be on the line at least five (5) minutes prior to the 10:00 am start time (conference call number: 877-411-9748; access code: 3588188);

- This order is conditioned on Plaintiffs posting a security bond of **$1,000.00;** and

- Plaintiffs shall **IMMEDIATELY** serve or otherwise provide a copy of this order to defendants and file such proof of service or notice with the Court.

ORDER GRANTING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER - 5

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 29th day of July, 2020.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER GRANTING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER - 6